**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GTE FEDERAL CREDIT UNION,**

    **Plaintiff,**

v.                                                                          Case No.  8:12-cv-1064-T-30TBM

**COMPANION PROPERTY & CASUALTY**
**INSURANCE COMPANY,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss or in the Alternative Motion to Transfer or Stay (Dkt. 13) and Plaintiff's Response in Opposition (Dkt. 17).  The Court, having considered the motion, response, and being otherwise advised of the premises, concludes that the motion should be granted in part and denied in part.

## DISCUSSION

Defendant Companion Property & Casualty Insurance Company ("Companion") requests that this Court dismiss, or in the alternative, transfer or stay this action, based on the first-filed rule.  Companion contends that this is a declaratory action filed by Plaintiff GTE Federal Credit Union ("GTE") <u>after</u> Companion filed an action against GTE in South

Carolina state court seeking a declaration of the parties' rights with respect to an insurance policy that Companion issued to GTE.[1]

Notably, on June 22, 2010, GTE filed a motion to dismiss for lack of personal jurisdiction or in the alternative a motion to transfer venue seeking a dismissal of the South Carolina action or a transfer to this Court.

According to the first-filed rule, when parties have filed competing or parallel claims in separate federal courts, the court in which the case was first filed should hear the case. The Eleventh Circuit follows this rule and has stated that "[p]rinciples of comity come into play when separate courts are presented with the same lawsuit. When faced with such a dilemma, one court must yield its jurisdiction to the other." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,* 675 F.2d 1169, 1173 (11th Cir. 1982). And "[i]n absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case." *Id.* at 1174.

GTE concedes that this action is the second-filed action. But it argues that the Court has discretion to dispense with the first-filed rule. GTE argues that Companion has engaged in impermissible forum shopping and that the District of South Carolina action is jurisdictionally defective.

Upon consideration of the parties' arguments, the Court concludes that the best course of action is to grant Companion's motion, only to the extent that a stay of this action is

---

[1] GTE removed the South Carolina state-court action to the District of South Carolina, Columbia Division.

appropriate pending the District of South Carolina court's ruling on GTE's pending motion to dismiss or transfer. "[T]he 'first-filed' rule generally requires the first court to decide whether the first-filed rule should apply." *Valpak Direct Marketing Systems, Inc. v. Valpak of Cincinnati, Inc.*, 2005 WL 2416061, at *2-3 (M.D. Fla. Sept. 30, 2005) (citing *Kate Aspen, Inc. v. Fashioncraft-Excello, Inc.,* 370 F. Supp. 2d 1333, 1338 (N.D. Ga. 2005); *Supreme International Corp. v. Anheuser-Busch, Inc.,* 972 F.Supp. 604, 607-08 (S.D. Fla. 1997) (staying the second-filed case on the ground that the first-filed court is the more appropriate court to determine whether the first-filed rule should apply).

Additionally, the court in the first-filed action should also address a motion to transfer venue under 28 U.S.C. § 1404(a). *See Valpak Direct Marketing Systems, Inc*, 2005 WL 2416061, at *2-3.

Accordingly, this Court, as the second-filed court, concludes that the United States District Court for the District of South Carolina, Columbia Division (Case No. 3:12-cv-01529-JFA) is the proper court to determine whether the first-filed rule should apply and whether a dismissal or transfer of venue pursuant to 28 U.S.C. § 1404(a) is appropriate.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss or in the Alternative Motion to Transfer or Stay (Dkt. 13) is granted in part and denied in part.

2. Defendant's Motion is granted to the extent that it requests a stay of this action; otherwise, Defendant's Motion is denied.

3. This case is STAYED pending a decision from the District of South Carolina, Columbia Division.

4. The Clerk of Court is directed to administratively close this case.

5. Plaintiff is directed to file a status report with this Court within seven (7) days of the South Carolina District Court's decision.

**DONE** and **ORDERED** in Tampa, Florida on August 10, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-1064.mt13.frm